```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**MICHAEL K. MATTOX,**

                **Plaintiff,**

           v.                      CASE NO.  07-3321-SAC

**SECRETARY OF CORRECTIONS**
**ROGER WERHOLTZ, et al.,**

                **Defendants.**

### O R D E R

This civil rights complaint was filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF). Plaintiff names as defendants Roger Werholtz, Secretary of Corrections for the State of Kansas; and Lansing Correctional Facility.  Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2).

As the factual basis for his complaint, Mr. Mattox alleges that in June of 2006, while he was at Lansing Correctional Facility, Lansing, Kansas (LCF), "the black suits were called" to move him to a different cell, "they charged in" his cell, and "the first black suit tried to put his head in the toilet."  He alleges defendant Werholtz denied his grievance.  He asserts his right under the Eighth Amendment to be free of cruel and unusual punishment was violated.  Plaintiff seeks one billion dollars for "mental anguish and pain suffering."

Plaintiff alleges he has filed administrative grievances,

which were denied.  His exhibits include a grievance he filed on August 11, 2007, claiming "Lansing try to kill attempt murder."  He sought relief of one trillion dollars and release from prison.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff seeks leave to proceed without prepayment of fees (Doc. 2).  He is reminded that under the Prison Litigation Reform Act a prisoner litigant is required to pay the full district court filing fee of $350.00 for each civil action he files[1].  28 U.S.C. § 1915(b)(1).  The granting of leave merely entitles him to pay the filing fee over time with periodic payments deducted from his inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2).  Plaintiff was granted leave to proceed without prepayment of fees in two prior actions and has outstanding fee obligations in those actions, Case No. 07-3319 and Case No. 07-3320.  Because any funds advanced to the court by plaintiff on his behalf must first be applied to plaintiff's outstanding fee obligations, the court grants plaintiff leave to proceed without prepayment of fees in the instant matter.  Collection of the full district court filing fee in this case shall begin upon plaintiff's satisfaction of his prior obligations in Case No. 07-3319 and Case No. 07-3320.

**SCREENING**

---

[1] The court notes Mr. Mattox has simultaneously filed three other lawsuits, and reiterates he will be obligated to pay the filing fee of $350.00 in each of his cases.

Because Mr. Mattox is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992).  A "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10 Cir. 1991).  However, the court cannot assume the role of advocate for the pro se litigant, and a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based.  Id.  (Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**FAILURE TO ALLEGE PERSONAL PARTICIPATION BY DEFENDANT WERHOLTZ**

In order for a particular defendant to be held liable for money damages in a civil rights action, plaintiff must allege facts showing the individual's personal participation in the allegedly unconstitutional acts upon which the complaint is based. Plaintiff's action is based upon alleged use of excessive force by an unnamed person apparently employed at the LCF. Secretary Werholtz is not alleged to have participated in any fashion, and his supervisory position is not a sufficient basis for liability. Plaintiff's bald statement that Werholtz denied his grievance is not sufficient to evince this defendant's personal participation in alleged illegal acts. Consequently, this action must be dismissed against defendant Werholtz unless plaintiff supplements his complaint with factual allegations describing how Werholtz actually participated in the alleged unconstitutional conduct.

**PRISON NOT A "PERSON" UNDER 42 U.S.C. § 1983**

The only other defendant named besides Secretary Werholtz is the "Lansing Correctional Facility." A prison facility is an entity and not a "person," and cannot be sued for money damages under 42 U.S.C. § 1983.

**FAILURE TO ALLEGE FACTS TO SUPPORT AN EIGHTH AMENDMENT CLAIM**

In addition, Mr. Mattox does not allege sufficient facts to state a claim amounting to cruel and unusual punishment. Claims

under the Eighth Amendment have two elements: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind." Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996). The objective component requires an "extreme deprivation" denying a "minimal civilized measure of life's necessities." Hudson v. McMillian, 503 U.S. 1, 9 (1992). The subjective component requires that, in order to be held liable, the defendant official must act with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff alleges no facts indicating either an extreme deprivation or serious injury or a sufficiently culpable state of mind on the part of any named person. His allegations that an unnamed person attempted to put his head in the toilet during an incident where he was apparently having to be removed from his cell by force do not support the inference that a named defendant acted with deliberate indifference to plaintiff's health or safety.

Plaintiff will be given time to cure these deficiencies by submitting a "Supplement to Complaint" containing additional facts to show personal participation by defendant Werholtz and to support a claim of federal constitutional violation by a person named as defendant, in accord with the foregoing Order. If he fails to submit a "Supplement to Complaint" within the time allotted by the court, this action may be dismissed without prejudice with no further notice.

5

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to file a Supplement to his Complaint stating additional facts showing personal participation by defendant Werholtz and additional facts sufficient to support of a federal constitutional claim against a person named as defendant.

The Clerk is directed to transmit a copy of this Order to the finance officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED**.

Dated this 9th day of January, 2008, at Topeka, Kansas.

                                                s/Sam A. Crow
                                                U. S. Senior District Judge