```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**MICHAEL K. MATTOX,**

                **Plaintiff,**

        v.                           CASE NO.  07-3321-SAC

**SECRETARY OF CORRECTIONS**
**ROGER WERHOLTZ, et al.,**

                **Defendants.**

## O R D E R

On January 9, 2008, this court entered an Order screening the complaint filed herein and finding the personal participation of defendant Werholtz was not adequately alleged, no other "person" was named as defendant, and the allegations in the complaint were not sufficient to state a federal constitutional claim of cruel and unusual punishment for alleged use of excessive force by an unnamed person attempting to remove plaintiff from his cell against his will.  Plaintiff was given time to file a Supplement curing these deficiencies.

    Plaintiff filed a "Supplement to Complaint" in which he argues that defendant Werholtz is liable because he "is responsible for his employee's mishaps" and because his employees "are just doing what they were taught" by him.  However, he cites no prison procedure or regulation, which resulted in the alleged illegal acts against him.  The court concludes that plaintiff has not alleged adequate personal participation on the part of defendant Werholtz.

Nor does plaintiff name the "person" who allegedly used excessive force or any other involved person as a defendant.

Plaintiff also argues in his Supplement that his "mental pain is sufficiently serious" and "all defendants acted with a sufficiently culpable state of mind" and "with deliberate indifference." These conclusory statements do not amount to any additional facts and do nothing to support plaintiff's claim of cruel and unusual punishment due to excessive force. Moreover, plaintiff is legally incorrect that his conclusory statement of mental anguish is a sufficient basis for his complaint seeking one trillion dollars in damages. 42 U.S.C. § 1997e(e) specifically provides:

> No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."

The court concludes that this action must be dismissed for the reasons stated in the court's Order of January 9, 2008, and herein.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied for failure to name a proper defendant and to allege facts in support of a federal constitutional claim.

**IT IS SO ORDERED.**

Dated this 21st day of March, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

2